# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

John Ayres,

        Plaintiff,

v.

One Main Financial,

        Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.

2. Plaintiff is suing the Defendant because the Defendant harassed the Plaintiff for months with robo-calls without the Plaintiff's consent.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 47 U.S.C. § 227 for pendent state law claims and the TCPA, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

4.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.     Plaintiff John Ayres (hereinafter "Plaintiff") is a natural person who resides in the City of Freeman, County of Cass, State of Missouri, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

6.     Defendant One Main Financial, (hereinafter "Defendant One Main") is a Corporation operating from a corporate head office address of 300 St. Paul Place, Baltimore, MD 21202.

## FACTUAL ALLEGATIONS

7.     On or before June 4, 2013, and within one year immediately preceding the filing of this complaint, Defendant One Main attempted to contact Plaintiff repeatedly by calling his cellular telephone.

8.     Between June 4, 2013 and December 31, 2013 Defendant One Main repeatedly and willfully contacted Plaintiff on his cellular telephone.

### *Telephone Consumer Protection Act*

9.     At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

10.  At all times relevant to this complaint, Defendant One Main has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

11.  Defendant One Main at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(43).

12.  Defendant One Main at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(22).

13.  At all times relevant to this complaint, Defendant One Main has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

14.  At all times relevant to this complaint, Defendant One Main has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### Illegal Auto-Dialed Collection Calls

15.  Within four years immediately preceding the filing of this lawsuit, Defendant One Main telephoned the Plaintiff's cellular phone on numerous occasions and left pre-recorded messages on the Plaintiff's answering service.

16.  Without Plaintiff's prior express consent, Defendant One Main and its employees repeatedly called Plaintiff on his cell phone using an automatic telephone dialing system.

17.  When Plaintiff answered the calls, he heard a pre-recorded message from Defendant One Main telling him to please wait until the call was connected to a representative, or there was a long silent pause before he disconnected the call.

18.  When Plaintiff did not answer the call, Defendant One Main would leave a prerecorded message on Plaintiff's answering machine.

### *Cease and Desist Verbal and Written Demand Ignored*

19.  Plaintiff has repeatedly demanded that Defendant One Main stop calling his cellular telephone number.

20.  Despite being told to stop, Defendant One Main has continued to call using an automated dialer and  utilized pre-recorded and/or synthesized voices to leave him messages.

21.  Furthermore, on or about August 19, 2013, Plaintiff sent Defendant One Main a written demand to cease calls to his cellular telephone.  The letter also explicitly revoked any prior consent, if any ever existed.

22. Plaintiff continued to receive autodialed calls and voicemails from Defendant One Main after telling Defendant One Main to stop calling his cellular telephone.

23. These calls were willful violations of the TCPA in that the calls continued despite the Plaintiff's clear written revocation of any consent Defendant One Main may have had.

24. Defendant One Main's repeated autodialed calls to Plaintiff's cell phone, within the last four years prior to filing this complaint, were illegal communications in violation of the TCPA, 47 U.S.C. § 227 *et seq.*

## *Summary*

25. The Defendant's actions as described herein left the Plaintiff feeling helpless and victimized, as he was unable to stop the persistent and intrusive telephoning by the Defendant.

26. The Defendant's persistent autodialed calls eliminated the Plaintiff's right to Privacy.

27. These autodialed collection calls disrupted his sleep when Plaintiff was sleeping after working late shifts.

28. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

29. Defendant One Main's actions constituted unauthorized use of, and interference with the Plaintiff's cellular phone service for which the Plaintiff paid money.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Within the one year period immediately preceding this action, the Defendant One Main made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system and prerecorded messages in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

32. The acts and or omissions of Defendant One Main at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant One Main at all times material and

relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

34.  Defendant One Main did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone and utilize artificially synthesized voices and prerecorded messages.

35.  Defendant One Main made such calls willfully, and in direct contradiction to the Plaintiff's August 19, 2013 written demand to cease and desist calling his cellular telephone.

## TRIAL BY JURY

36.  Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant One Main as follows:

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C.  § 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant One Main and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant One Main and for Plaintiff;

- for an injunction prohibiting Defendant One Main from contacting the Plaintiff on his cellular phone using an automated dialing system or prerecorded messages pursuant to the 47 U.S.C. Section 227(b)(3)(a).

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 6, 2014

**Addleman Law Firm, LLC**

By: **s/Andrew M. Esselman**
Andrew M. Esselman #64837
Thomas A. Addleman #51864
Addleman Law Firm, LLC
255 NW Blue Parkway, Suite 200
Lee's Summit, MO 64063
Tele: (816) 994-6200
Fax: (816) 396-6240
AndrewE@AddlemanLawFirm.com
Tom@addlemanlawfirm.com

**Attorneys for Plaintiff**